MITCHELL
v.
LIKENS.

MITCHELL v. LIKENS.

If the names of the petit jurors have not been recorded by the clerk, conformably to the statute, it is a good cause of challenge to the array.

*Saturday,*
*June 8.*

APPEAL from the *Harrison* Circuit Court. *Likens* was the plaintiff in the Circuit Court, and *Mitchell* the defendant. Verdict and judgment for the plaintiff.

STEVENS, J.—There is but one objection raised to the record, judgment, and proceedings in this case, and that is exhibited in a bill of exceptions.

It appears that when the cause was called for trial in the Circuit Court, and the jury were about to be sworn, the defendant challenged the array for misconduct, neglect, or default in the clerk, in not having recorded the panel, as he is, by the 1st section of the act regulating the mode of "summoning and impanelling grand and petit jurors," of the 29th day of *January,* 1831, required to do; and that the Court overruled the challenge, and the jury were sworn.

We think that this challenge was well taken, and that it should have prevailed. It is settled in the case of *Jones* v. *The State,* decided at the *May* term, 1832, of this Court (1), that the array may be challenged and the panel quashed, for any partiality or default of the board doing county business, or of the clerk in selecting or arraying the panel. *Gardner* v. *Turner,* 9 Johns. Rep. 260.—*Eaton* v. *The Commonwealth,* 6 Binn. Rep. 447.

We think it is one of the essential requisites of the statute, that the clerk, so soon as the several jurors' names are drawn and written on the panels to which they belong, shall record them without delay, and before any *venire facias* issues thereon, in the order book as required by the act.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*J. H. Farnham* and *H. P. Thornton,* for the appellant.
*C. Dewey,* for the appellee.

(1) Ante, p. 37.